Parker C. J.,
in delivering the opinion of the Court, observed, in substance, that if the statute of frauds was applicable to sales by auction, it was evident that none of the requisitions had been complied with in the present case. The question then is, whether the statute is applicable to such sales. The words of the statute are general, but doubts have been entertained by great men in England, whether they were intended to include sales by auction. Other men, however, equally great, have questioned the reasonableness of those doubts. So that, so far as it regards authority, we are at liberty to decide according to our own views of the statute. And we are of opinion that it does apply to sales by auction. The reason given by Lord Mansfield, that the solemnity of such sales precludes the danger of perjury, is not satisfactory. On the contrary, we should think there would *70 be more danger of mistake and perjury where there are so many witnesses, than where there is only one or two.[1]

Judgment according to the verdict.

 Kenworthy v. Schofield, 2 Barn. & Cressw. 945. The auctioneer in the sale of lands or chattels is the agent of both parties, and his entry of the name of the purchaser on his book or memorandum containing the particulars of the contract, is a sufficient signing within the statute of frauds. Cleaves v. Foss, 4 Greenl. 1; M'Comb v. Wright, 4 Johns. Ch. R. 659; Alna v. Plummer, 4 Greenl. 258; Jenkins v. Hogg, 2 Const. R. 821.